# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE, WESTERN DIVISION

| | |
|---|---|
| **CHRISTOPHER A. FITZGERALD, on behalf of himself and others similarly situated,** | |
| **Plaintiff,** | **No. _____** |
| **v.** | **Jury Demanded** |
| **UNIFIRST CORPORATION, a foreign corporation,** | |
| **Defendant.** | |

## COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF

1.  The Plaintiff, Christopher Fitzgerald ("Plaintiff"), was an employee of Defendant, UniFirst Corporation ("Defendant"), and brings this action for unpaid overtime compensation, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216 (b) (the "FLSA"). Plaintiff was an hourly paid warehouse worker / routeman and performed related duties for Defendant in Shelby County, Tennessee.

2.  Defendant is a foreign corporation that operates and conducts business within Shelby County (among other counties), and is therefore within the jurisdiction of this Court.

3.  This action is brought pursuant to the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs. This action is intended to include each and every similarly situated, hourly paid employee who worked for Defendant at any time within the past three (3) years.

4.  This Honorable Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C.§ 1337 and the FLSA. This Court also has authority to grant declaratory relief under the FLSA pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*

5. At all relevant times, Defendant was an enterprise covered by the FLSA as defined by 29 U.S.C. §§ 203 (r) and 203 (s). Additionally, Plaintiff and those similarly situated were engaged in interstate commerce during their employment with Defendant.

6. At all relevant times, Defendant failed to pay Plaintiff and other similarly situated employees at one and one-half times their regular pay rate for hours worked in excess of forty (40) hours during one or more work weeks within the past three (3) years. As such, Defendant failed to comply with 29 U.S.C. §§ 201-209.

7. Any additional persons who may become plaintiffs in this action are employees (or former employees) of Defendant who, like Plaintiff, were not compensated at one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours during one or more work weeks within the past three (3) years.

8. Upon information and belief, official records documenting the hours worked by Plaintiff and similarly situated employees – to the extent such records exist – are in the possession, custody, and control of Defendant.

## COUNT ONE:
## FAILURE TO PAY OVERTIME COMPENSATION

9. Plaintiff reasserts and incorporates by reference all previous paragraphs.

10. Plaintiff and other similarly situated employees are entitled to be paid overtime compensation at one and one half times their regular rate of pay for each hour worked in excess of forty (40) hours in any work given week.

11. During their employment with Defendant, Plaintiff and other similarly situated employees worked overtime hours.

12. Defendant failed to compensate Plaintiff and other similarly situated employees at one and one-half times their regular rate of pay for overtime hours that they worked, in violation of the FLSA.

## COUNT TWO:
## BREACH OF WRITTEN AGREEMENT

13. Plaintiff reasserts and incorporates by reference all previous paragraphs.

14. Defendant agreed to specific terms of compensation for Plaintiff's services, and said agreement was reduced to writing via correspondence dated May 15, 2007.

15. Plaintiff and those similarly situated to Plaintiff agreed to work for Defendant under the terms and conditions set forth in the aforesaid agreement, and they relied upon same in their decisions to enter into Defendant's employ.

16. Notwithstanding this agreement, Defendant failed to pay Plaintiff and similarly situated employees consistent with the terms to which they had agreed, constituting a breach of said agreement.

17. As a result of this breach, Plaintiff other similarly situated employees suffered damages.

## DAMAGES AND REQUESTED RELIEF

18. Defendant's failure to properly compensate Plaintiff and other similarly situated employees for overtime hours was intentional, willful, and/or reckless.

19. As a result of Defendant's intentional, willful, and/or reckless failure to lawfully compensate Plaintiff and other similarly situated employees for overtime hours that they worked, Plaintiff and Plaintiff's similarly situated co-workers have suffered damages and incurred reasonable attorney's fees and costs.

20. As a result of Defendant's intentional, willful, and/or reckless violation(s) of the FLSA, Plaintiff and other similarly situated employees are entitled to liquidated damages from Defendant.

21. Plaintiff respectfully demands a trial by jury.

WHEREFORE, Plaintiff and all other similarly situated employees hereby seek judgment against Defendant ordering payment of all unpaid wages found to be due and owing, pre-judgment and post-judgment interest where applicable, payment of liquidated damages, payment of reasonable attorneys' fees and costs incurred as a result of this litigation, declaratory relief, and such further relief as this Honorable Court may deem to be just and proper.

        Respectfully submitted,

        **THE COCHRAN FIRM – MEMPHIS**

By:   *s/ Tiffany G. Johnson*
        **Tiffany G. Johnson, Esq.**
        TN Bar No. 025486 / MS Bar No. 102532
        2600 One Commerce Square
        Memphis, Tennessee 38103
        Tel: (901) 523-1222
        Fax: (901) 523-1999
        Email: tjohnson@cochranfirm.com

DATED September 30, 2008.